UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **MARY ALESHIRE** | : | **DOCKET NO. 1:22-cv-03612** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a Motion to Dismiss filed by defendant United Services Automobile Association (USAA).[1] Doc. 18. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED.**

I.
BACKGROUND

This case arises from damage to plaintiff's home in Pineville, Louisiana, from Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law. Doc. 1. The suit was filed pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that plaintiff was a

---

[1] USAA and USAA General Indemnity Company (USAA GIC) jointly file the motion to dismiss. Doc. 18. USAA GIC became associated with the matter by filing a corporate disclosure statement on December 12, 2022. Doc. 10. USAA GIC was not listed as a defendant in the complaint, and plaintiff has never attempted to add USAA GIC as a party to this matter. The motion to dismiss asserts that USAA GIC issued a policy of insurance to plaintiff, suggesting that USAA GIC is the proper party defendant. Doc. 18, att. 1, p. 1, n.1. However, because USAA GIC has not been formally made a party, it is not treated as a movant for the purposes of assessing this motion.

citizen of Louisiana and USAA a citizen of Texas. *Id.* at ¶ 3. In October 2022, the court stayed all suits filed by MMA after concerns of misconduct by those attorneys began to arise. Doc. 4.

USAA now moves to dismiss the suit for lack of jurisdiction, arguing that there is no diversity of citizenship because USAA is also counted as a citizen of Louisiana. Doc. 18. Plaintiff became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 23. The Termination Order also lifted the stay in this matter. *Id.* The court additionally set a deadline by which plaintiff was to respond to the pending motion to dismiss. *Id.* Plaintiff did not comply with this deadline. However, new counsel enrolled on plaintiff's behalf, so the court extended the response deadline. Doc. 26. The court warned that failure to comply with this new deadline would lead us to treat the motion as unopposed. *Id.* The deadline has since passed, and plaintiff still has not responded to the motion.

## II.
### LAW AND ANALYSIS

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, the court accepts all well-pleaded allegations in the complaint as true and construes those allegations in the light most favorable to the plaintiff. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). Because USAA has submitted evidence outside the pleadings that contradicts the jurisdictional allegations in the complaint, this matter involves a

"factual" attack, and the court will consider that evidence while resolving any disputed issues of fact. *Id.* In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). There is no basis for federal question jurisdiction in this case because plaintiff raises only state law claims. *See* 28 U.S.C. § 1331. As for diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is a citizen of the same state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here, plaintiff stated in her complaint that she is a citizen of Louisiana and alleged that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶ 3. USAA, however, asserts that it is a reciprocal insurance organization that has members in all 50 states. Doc. 18, att. 1, pp. 2–3. In support of this assertion, USAA provides the court with multiple cases where other courts have found that USAA is in fact an unincorporated association with members in every state. *Id.* An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n.*, 946 F.2d 390, 393 (5th Cir. 1991). USAA is thus a citizen of every state, including Louisiana. *E.g.*, *Cruz v. USAA*, No. 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). Plaintiff has submitted no evidence or argument that disputes these assertions of USAA.

Because both plaintiff and defendant are citizens of Louisiana, there is no basis for the court's exercise of jurisdiction and, therefore, we recommend this matter be dismissed.

We note that USAA General Indemnity Company ("USAA GIC") made an appearance in this matter by filing a corporate disclosure statement and joins in the motion to dismiss. Docs. 10, 18. USAA GIC was not listed as a party in the complaint, perhaps inadvertently. Nonetheless, because USAA GIC was not a party at the outset of this litigation, its citizenship is not considered for the purposes of assessing diversity jurisdiction. *See White-Goolsby v. United Servs. Auto. Ass'n*, No. 1:22-CV-03740, 2023 WL 8462466, at *1 (W.D. La. Nov. 6, 2023), *report and recommendation adopted*, No. 1:22-CV-03740, 2023 WL 8464939 (W.D. La. Dec. 6, 2023).

### III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 18] be **GRANTED** and that all claims in this matter be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE